## THE M. MORAN.

### In re PETITION OF MORAN FOR LIMITATION OF LIABILITY.

(District Court, E. D. New York. December 24, 1892.)

NEGLIGENCE—COLLISION—LOOKOUT.

A tugboat had towed a vessel to sea, and her pilot was being taken off the ship by a yawl attached to the station boat. As the yawl lay alongside the ship, the tug approached, and, owing to the failure of the wheelsman to see the position of the yawl until too late to stop his boat, the yawl was crushed between the tug and the ship, and two of the pilots in her lost their lives. The owner of the tug filed a petition in limitation of liability. *Held*, that the accident was due to the negligence of the master of the tug, and her owner was liable in damages.

In Admiralty. In the matter of the application of Michael Moran, part owner of the steam tug M. Moran, for limitation of liability.

Carpenter & Mosher, for petitioner.
James Parker, for claimant.

BENEDICT, District Judge. The sad occurrence which caused the death of two pilots while in their yawl boat alongside the bark Methuselah, by being crushed between that bark and the tug Moran, was the result of negligence. I find no negligence on the part of the pilots; for while it is true that, if the yawl's line had not been cast off from the bark, no injury would have been done, I do not think it was negligence on the part of the pilots to cast off their line when they did. The bark was moving. The proper thing to do, as soon as the pilot they were taking stepped into the yawl, was to cast off the line. The yawl was in plain sight of the tugboat, and the pilots had a right to suppose that the tugboat would not come close enough to the bark to catch the yawl as it was drifting aft alongside the bark and touching the same. Neither do I think it was negligence on the part of the pilots to attempt to climb on the rail of the tugboat when they saw the tugboat upon them. All in the yawl were at that time in a state of alarm because of the dangerous approach of the tug. To attempt to climb over the rail of the tug when the tug came upon the yawl was a rational thing to do under the circumstances, and

would have been attended with no danger whatever had not the tug kept moving on towards the bark, and thereby caught the pilots, while upon the tug's rail, between the tug and bark, so causing their death. It seems to me clear that the cause of the accident was the neglect of the man at the wheel of the tugboat to pay strict attention to what was before him, whereby he failed to see the position of the yawl until it was too late to stop his boat. Had he seen the position of the yawl when he ought to have seen it, he could have avoided the collision, either by stopping the headway of his boat, or by starboarding his helm. When, at the last moment, he saw the danger, he did just the wrong thing. Such attention on the part of the pilot of the tug as the occasion called for would, in my opinion, have avoided the collision. Let a decree be entered declaring the petitioner liable to damages in the sum of $5,000.